UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RANDY T. GRIFF,

                              Plaintiff,

              -against-

TYLER TECHNOLOGIES, INC.,

                              Defendant.

25-CV-8511 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is proceeding *pro se*, brings this action under the Age Discrimination in Employment Act of 1967 ("ADEA"), alleging that Defendant Tyler Technologies, Inc. discriminated against him based on his age when it did not hire him. By order dated October 28, 2025, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following allegations are taken from the complaint.[1] In January 2025, Plaintiff, who was born in 1960, applied for the position of Remote Project Manager with Defendant.[2] During the interview for the position, the interviewers discussed the position, and asked Plaintiff questions about his professional background and scenarios he might encounter in the position. Plaintiff believes the interview, "went well overall." (ECF 1-1, at 1.) Plaintiff asked Ashley

---

[1] The Court quotes the complaint verbatim. All spelling, punctuation, and grammar are in the complaint unless otherwise noted.

[2] Plaintiff alleges that Defendant is located in Plano, Texas, and that he applied to work remotely for Defendant at his residence in White Plains, New York.

Hamms, who appears to be one of the interviewers, if she had any concerns about Plaintiff's qualifications or ability to perform the job. Hamms stated that, given Plaintiff's experience at major consulting firms, "she didn't foresee any issues with my ability to success in the role." (*Id.*) During their conversation, Hamms also "mention[ed] that the person previously in the position retired," a comment from which Plaintiff inferred that "she thought [he] would not be in the position long and would retire too." (*Id.*)

Plaintiff was not hired for the position, and he "now suspect[s] that age was a factor in the decision not to proceed." (*Id.*) He seeks discovery of "internal communications between the interviewers . . . to determine whether any age-related remarks were made following the interview." (*Id.*)

Plaintiff alleges that he filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on September 11, 2025, and, on September 16, 2025, the EEOC issued him a right to sue letter.[3]

## DISCUSSION

The ADEA "prohibits discrimination in employment on the basis of age against persons aged 40 or older." *D'Cunha v. Genovese/Eckerd Corp.*, 479 F.3d 193, 194 (2d Cir. 2007) (citing 29 U.S.C. §§ 623(a)(1), 631(a)). To state a claim of employment discrimination under the DEA, a plaintiff must allege facts showing that his age was the "but-for" cause of the employer's adverse employment action against him. *See Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015) (quoting *Gross v. FBL Fins. Servs., Inc.*, 557 U.S. 167, 177 (2009)). In

---

[3] The Court notes that Exhibit 2 and Exhibit 3 to the complaint, which was submitted via email, were unable to be docketed because the files were malformed. If Plaintiff wishes to file these documents with his amended complaint, he should ensure they are in the proper format.

other words, a plaintiff must allege facts showing that "age was the 'reason' that the employer decided to act." *Gross*, 557 U.S. at 176.

While Plaintiff alleges that Defendant discriminated against him because of his age, he alleges no facts suggesting that, but for his age, Defendant would have hired him. The sole basis of his claims is a single statement made by an interviewer that the person who previously held the position retired. Plaintiff speculates that the interviewer's comments suggested she believed that Plaintiff may also retire. (*See* ECF 1-1, at 1.) Such speculation, however, is insufficient to plausibly suggest that age was the but-for cause for the adverse action. *See Ashcroft*, 556 U.S. at 678 (holding that Rule 8 "asks for more than a sheer possibility that defendant acted unlawfully" and that "[w]here a complaint pleads facts that are merely consistent with a defendant's liability," it does not comply with Rule 8). Plaintiff therefore fails to state a claim under the ADEA.[4]

The Court grants Plaintiff leave to file an amended complaint alleging additional facts suggesting that his age was the but-for cause of Defendant's failure to hire him.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to

---

[4] While Plaintiff requests discovery of "internal communications" to ascertain whether any "age-related remarks" were made between the interviewers after the interview (ECF 1-1, at 1), "the purpose of [Rule 8's] plausibility standard is to require a plaintiff to allege sufficient facts to state a claim; it is not a license for a plaintiff to conduct a fishing expedition in an attempt to obtain discovery that might support his allegations," *Arrindel-Martin v. City of Syracuse*, No. 5:18-CV-0780 (GTS) (ATB), 2018 WL 6622193, at *6 (N.D.N.Y. Dec. 18, 2018).

amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid ADEA claim, the Court grants Plaintiff 60 days' leave to amend his complaint to allege additional facts in support of his claims.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

Plaintiff may wish to consult the City Bar Justice Center ("CBJC"), which operates the SDNY Federal Pro Se Legal Assistance Project to assist self-represented parties with civil cases in this court. Appointments can be scheduled by phone (212-382-4794), email (fedprosdny@nycbar.org), or by completing the intake form. A flyer with details is attached.[5]

**CONCLUSION**

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 25-CV-8511 (LLS). An Amended Complaint for Employment Discrimination form and a CBJC flyer are attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon

---

[5] The CBJC is a private organization that it not part of the court, and the CBJC's SDNY Federal Pro Se Legal Assistance Project cannot accept filings on behalf of the court.

which relief may be granted and the Court will decline to exercise supplemental jurisdiction of

any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

SO ORDERED.

Dated:   January 27, 2026
         New York, New York

_____
LOUIS L. STANTON
U.S.D.J.

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

_____
*(In the space above enter the full name(s) of the plaintiff(s).)*


          -against-

_____

_____

_____
*(In the space above enter the full name(s) of the defendant(s).*
*If you cannot fit the names of all of the defendants in the space*
*provided, please write "see attached" in the space above and*
*attach an additional sheet of paper with the full list of names.*
*Typically, the company or organization named in your charge*
*to the Equal Employment Opportunity Commission should be*
*named as a defendant.  Addresses should not be included here.)*

**AMENDED**
**COMPLAINT**
**FOR EMPLOYMENT**
**DISCRIMINATION**


Jury Trial:   □ Yes   □ No

                *(check one)*

**___ Civ. _____ ( ___ )**


This action is brought for discrimination in employment pursuant to: *(check only those that apply)*


_____    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).
***NOTE:*** *In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

_____    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 - 634.
***NOTE:*** *In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.*

_____    Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 - 12117.
***NOTE:*** *In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

_____    New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297  (age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic chacteristics, marital status).

_____    New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to 131 (actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status).

## I.    Parties in this complaint:

A.    List your name, address and telephone number.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff        Name  _____

                 Street Address  _____

                 County, City _____

                 State & Zip Code _____

                 Telephone Number _____

B.    List all defendants' names and the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant        Name  _____

                 Street Address  _____

                 County, City _____

                 State & Zip Code _____

                 Telephone Number _____

C.    The address at which I sought employment or was employed by the defendant(s) is:

                 Employer _____

                 Street Address  _____

                 County, City _____

                 State & Zip Code _____

                 Telephone Number _____

## II.    Statement of Claim:

State as briefly as possible the <u>facts</u> of your case, including relevant dates and events.  Describe how you were discriminated against.  If you are pursuing claims under other federal or state statutes, you should include facts to support those claims.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    The discriminatory conduct of which I complain in this action includes: *(check only those that apply)*

_____        Failure to hire me.

_____        Termination of my employment.

_____        Failure to promote me.

_____        Failure to accommodate my disability.

_____        Unequal terms and conditions of my employment.

_____        Retaliation.

_____          Other acts *(specify)*: _____.

> *Note:* *Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.*

B.    It is my best recollection that the alleged discriminatory acts occurred on: _____.

*Date(s)*

C.    I believe that defendant(s) *(check one)*:

_____          is still committing these acts against me.

_____          is not still committing these acts against me.

D.    Defendant(s) discriminated against me based on my *(check only those that apply and explain)*:

☐    race    _____          ☐    color    _____

☐    gender/sex    _____          ☐    religion_____

☐    national origin    _____

☐    age.    My date of birth is _____ *(Give your date of birth only if you are asserting a claim of age discrimination.)*

☐    disability or perceived disability, _____ *(specify)*

E.    The facts of my case are as follow *(attach additional sheets as necessary)*:

_____
_____
_____
_____
_____
_____
_____

> *Note:* *As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, the New York State Division of Human Rights or the New York City Commission on Human Rights.*

## III.    **Exhaustion of Federal Administrative Remedies**:

A.    It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding defendant's alleged discriminatory conduct on: _____ *(Date)*.

B.    The Equal Employment Opportunity Commission *(check one)*:

*Rev. 07/2007*                                3

_____    has not issued a Notice of Right to Sue letter.

_____    issued a Notice of Right to Sue letter, which I received on _____ *(Date)*.

> *Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.*

C.    Only litigants alleging age discrimination must answer this Question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct *(check one)*:

_____    60 days or more have elapsed.

_____    less than 60 days have elapsed.

## IV.    Relief:

WHEREFORE, plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, and costs, as follows: _____

_____

_____
*(Describe relief sought, including amount of damages, if any, and the basis for such relief.)*

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

Signature of Plaintiff    _____

Address    _____

_____

_____

_____

Telephone Number    _____

Fax Number *(if you have one)*    _____

*Rev. 07/2007*                4

# FEDERAL PRO SE LEGAL ASSISTANCE PROJECT
## in the Southern District of New York (SDNY)



## ABOUT THE PROJECT

The Federal Pro Se Legal Assistance Project (Fed Pro) provides limited assistance to self-represented litigants (plaintiffs and defendants) with cases involving civil legal matters in the United States District Court for the Southern District of New York (SDNY).

## HOW TO SCHEDULE AN APPOINTMENT

To schedule an appointment for assistance with City Bar Justice Center's Fed Pro project, you must first complete our online Intake Form.



- Our online Intake Form is accessible via one of these methods:
  - Scan the QR code to the right.
  - Go to bit.ly/prosesdny
- Once on the City Bar Justice Center Federal Pro Se Legal Assistance page, scroll down to "**SDNY**" and then click "**APPLY FOR HELP**" to be taken to the Intake Form.
- When the Intake Form asks: "How can we help you", please select "**Federal Court Case**" from the drop-down menu. The Fed Pro SDNY office will receive your application ONLY if you select "federal court case." If you select anything else, you will need to re-complete your application.

Once you complete the form, someone will contact you, usually within five business days, to schedule an appointment. If you are not able to complete the Intake Form, please call **(212) 382-4794,** leave a detailed message, and wait for us to call you back, typically within five business days.

## HOW WE HELP

**While we cannot provide full representation,** we can assist litigants by providing limited-scope services such as:

 **Counseling** about potential federal claims prior to filing suit

 **Interpreting and explaining** federal law and procedure

**Reviewing drafted pleadings** and correspondence with the Court

 Consulting on **discovery** matters

 Assisting with the **settlement** process (including **mediation**)